# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Victoria L. Nelson, in her capacity as Chapter 7 Bankruptcy Trustee,<br><br>    Plaintiff<br><br>v.<br><br>James W. Pengilly; James W. Pengilly, Professional Corporation; and United States of America, Department of the Treasury, Internal Revenue Service,<br><br>    Defendants | 2:15-cv-01307-JAD-PAL<br><br>**Order Denying Defendant's Motion to Dismiss**<br><br>[ECF No. 37[1]] |

In 2015, attorney James W. Pengilly negotiated a settlement for one of his clients in a bankruptcy case. As part of this settlement, Pengilly's law firm, James W. Pengilly, P.C., was to be paid $230,000 by the bankruptcy estate. But before the bankruptcy court approved this settlement, the Internal Revenue Service ("IRS") filed an objection. The IRS claimed that it was entitled to the law firm's cut of the settlement because Pengilly individually owes over half a million dollars in unpaid taxes. The trustee for the bankruptcy estate brought this action against Pengilly and the government, and she interpleaded the settlement funds so that I could decide whether the IRS is entitled to them.

Pengilly now moves for summary judgment.[2] He offers two arguments: (1) the IRS has no claim to the law firm's funds because it is Pengilly, not his firm, who owes taxes; and, (2) the IRS has not followed its own levying procedures. Both arguments are unavailing. Pengilly effectively concedes that the IRS is not required to follow its levying procedures here. And the government

---

[1] I find these motions suitable for disposition without oral argument. Nev. L.R. 78-2.

[2] The government suggests in its response that it is entitled to summary judgment. But it has not moved for summary judgment, and I decline to treat its opposition as a motion.

raises genuine issues of fact as to whether Pengilly and his firm are alter egos so that the IRS can use the firm's assets to pay Pengilly's tax debt. I thus deny Pengilly's motion.

## Discussion

### A.     Summary-judgment standards

The legal standard governing the parties' motions is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[3] An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.[4] A fact is "material" if it could affect the outcome of the case.[5]

When considering a motion for summary judgment, I view all facts and draw all inferences in the light most favorable to the nonmoving party.[6] The purpose of summary judgment is "to isolate and dispose of factually unsupported claims"[7] and to determine whether a case "is so one-sided that one party must prevail as a matter of law."[8] It is not my role to weigh evidence or make credibility determinations.[9] If reasonable minds could differ on material facts, summary judgment is inappropriate.[10]

If the moving party shows that there is no genuine issue as to any material fact, the burden shifts to the nonmoving party, who must "set forth specific facts showing that there is a genuine

---

[3] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Id.* at 248.

[6] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[7] *Celotex Corp.*, 477 U.S. at 323–24.

[8] *Anderson*, 477 U.S. at 252.

[9] *Id.* at 249, 255.

[10] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

issue for trial."[11]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving party "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[12]  When reviewing the parties' papers, I only consider properly authenticated, admissible evidence.[13]

**B.     Pengilly has not established that he is entitled to summary judgment.**

Pengilly effectively concedes in his reply that the IRS is not required to comply with its levying procedures in this case.[14]  And he does not dispute that he personally owes the IRS over half a million dollars in back taxes.[15]  The only other argument that Pengilly raises is that the IRS cannot seize money held by the law firm because it is Pengilly, not the law firm, who owes the taxes.  The government counters that Pengilly and his firm are alter egos so that it can take money from the firm to satisfy Pengilly's debt.  The parties apparently agree that if Pengilly and his firm are alter egos, the government is entitled to the settlement proceeds.

A company and person are alter egos if: "(1) the corporation [is] influenced and governed by the person . . . (2) there [is] such unity of interest and ownership that one is inseparable from the other; and (3) the facts [are] such that adherence to the corporate fiction . . . would, under the circumstances, sanction fraud or promote injustice."[16]  Pengilly does not dispute that he "influences

---

[11] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 323.

[12] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[13] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[14] The government points out that it is not levying the law firm's funds, it is asserting a claim in an interpleader action—so the levying rules do not apply.  And in any event, Pengilly fails to respond to this argument and therefore concedes it.  Nev. L.R. 7-2(d).

[15] *See* ECF No. 38-1 at 2.

[16] *Polaris Indus. Corp. v. Kaplan*, 747 P.2d 884, 886 (Nev. 1987).

and governs" his law firm—after all, he is its "sole shareholder and sole officer."[17] This leaves only the two ladder elements: whether Pengilly and his firm share a unity of interest and whether adhering to the corporate fiction would promote injustice.

There are genuine issues of fact about both of these elements, so Pengilly has not shown that he is entitled to summary judgment. As to whether Pengilly and his firm share a unity of interest, I look to factors like "co-mingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities."[18] "[O]wnership of corporate shares is a strong factor favoring unity of ownership and interest."[19] This is not an exhaustive list of factors; I must consider all the circumstances to decide whether Pengilly and his firm are inseparable.[20]

A reasonable factfinder could conclude that Pengilly and his firm are so intermingled that they should be treated as one. Pengilly not only owns shares in his firm, he owns all of them.[21] There is evidence that Pengilly's firm does not comply with corporate formalities; indeed, the firm has not filed quarterly tax returns in some time.[22] The firm only prepares annual financial statements occasionally, when Pengily requests them.[23] There is also evidence of commingling: Pengilly gave

---

[17] ECF No. at 38-2 at 4. Pengilly does not dispute that the first prong of this test is met and thus concedes this point. Nev. L.R. 7-2(d). Moreover, as the sole owner of the firm—who describes the other attorney's under him as "employees"—it was clearly Pengilly who decided that the settlement proceeds at issue here would go to the firm, not to himself personally.

[18] *Polaris Indus. Corp.*, 747 P.2d at 887.

[19] *LFC Marketing Group, Inc. v. Loomis,* 8 P.3d 841, 847 (Nev. 2000).

[20] *Id.*

[21] ECF No. at 38-2 at 4.

[22] *Id.* at 5. Pengilly admitted in his deposition that he did not know what tax returns his law firm files each year. *Id.*

[23] *Id.* at 6.

his firm hundreds of thousands of dollars without any evidence of a formal agreement.[24]  What's more, Pengilly transferred this money at the same time that he was apparently unable to pay the IRS the nearly half a million dollars that he owed it.[25]  So it may be said that he effectively undercapitalized himself.[26]

Finally, there are questions of fact about whether respecting the corporate distinction between Pengilly and his law firm would be unjust.  Pengilly has not paid more than half a million dollars in back taxes even though he was able to transfer hundreds of thousands of dollars into his law firm.  Pengilly and his firm both stopped filing their tax returns and other required documents, leaving the firm's and Pengilly's financial situation murky.[27]  A reasonable fact finder could conclude that Pengilly used his law firm to hide his personal assets from the IRS.  And if that is true, respecting the corporate distinction here would be unjust.

The government has raised genuine issues of fact as to whether Pengilly and his law firm are alter egos, and thus it has raised genuine questions about whether the IRS is entitled to the law firm's settlement proceeds.  I thus deny Pengilly's motion.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' **motion for summary judgment [ECF No. 37] is DENIED.**

**I refer this case to the magistrate judge for a mandatory settlement conference.**

Dated this October 18th, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[24] *Id.* at 6–7; *see also Mallard Automotive Group, Ltd. v. LeClair Mgmt. Corp.*, 153 F. Supp. 2d 1211 (D. Nev. 2001) (piercing the corporate veil where business owner shared funds with the business without proper accounting).

[25] ECF No. 38-1 at 2.

[26] *See Polaris Indus. Corp.*, 747 P.2d at 887.

[27] ECF No. 38-1 at 2–3.