DAVID A. HUBBERT
Acting Assistant Attorney General

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6484 (v)
202-307-0054 (f)
Virginiacronan.lowe@usdoj.gov

Of Counsel:
STEVEN W. MYHRE
Acting United States Attorney
District of Nevada

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA L. NELSON, TRUSTEE<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES W. PENGILLY,<br>JAMES W. PENGILLY, P.C., and<br>UNITED STATES OF AMERICA,<br><br>  Defendants. | Case No. 2:15-cv-01307-JAD-PAL<br><br>MOTION FOR RELIEF FROM REQUIREMENT THAT INDIVIDUAL WITH FULL SETTLEMENT AUTHORITY ATTEND THE SETTLEMENT CONFERENCE |

The United States of America ("United States"), by and through its undersigned counsel, hereby requests that the Court excuse the United States from the requirement that an individual with full settlement authority personally attend the Settlement Conference, currently set for August 29, 2017, at 9:30 a.m., in the chambers of United States Magistrate Judge Peggy A. Leen, Room 3071, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las

1

Vegas, Nevada. The undersigned trial attorney will be present in person, and an individual with full settlement authority will be available by telephone.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

The Department's regulations delegate settlement authority for cases arising under the internal revenue law to a limited number of senior officials.[1] The regulations are designed to promote uniformity in settlements across the country and accountability of the officials acting upon the settlements. Department of Justice regulations confining settlement authority to selected officers and officials are valid and binding. *See United States v. U.S. District Court for N. Mariana Islands*, 694 F.3d 1051, 1054-55, nn. 3-4 (9th Cir. 2012); *White v. United States Dep't of Interior*, 639 F. Supp. 82, 88-90 (M.D. Pa. 1986), *aff'd* 815 F.2d 693 (3d Cir. 1987); *Bohlen v. United States*, 623 F. Supp. 595 (C.D. Ill. 1985). Trial Attorneys – including the undersigned – have no independent authority. Problems inherent in requiring government officials with full settlement authority to attend settlement conferences were recognized in Section 473(c) of the Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089, 5093 (1990):

> Nothing in a civil justice expense and delay reduction plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General.

The legislative history of the Judicial Improvements Act, likewise reveals that Congress was aware of, and believed district courts should account for:

---

[1] Pursuant to 26 U.S.C. § 7122(a), in all cases arising under the Internal Revenue Code which have been referred to the Department of Justice for prosecution, settlement authority is conferred upon the Attorney General "or his delegate." By regulation, such settlement authority has been delegated to certain senior officials. *See generally* 28 C.F.R. §§ 0.160-0.172.

2

the unique situation of the Department of Justice. The Department does not delegate broad authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. *Clearly the Department cannot realistically send officials with full settlement authority to each settlement conference*.

H. .R. Rep. No. 101-732, 101st Cong., 2d Sess. 16-17; S. Rep. No, 101-426, 101st Cong. 2d Sess. 59 (emphasis added). *See also In re Stone*, 986 F.2d 898 (5th Cir. 1993).

The Advisory Committee Notes on the amendment to Rule 16, subdivision (c), of the Federal Rules of Civil Procedure, effective December 1, 1993, explain that:

> [p]articularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Due to the amount at issue in this case, the Settlement Regulations vest full authority to compromise the case in Richard R. Ward, the Chief of the Tax Division's Civil Trial Section for the Western Region. Mr. Ward may then, in turn, delegate settlement authority to his Assistant Chief.[1] These officials' offices are in Washington, D.C., and they currently supervise 28 trial attorneys and 10 support staff members. They are directly responsible for several hundred active cases assigned to trial attorneys in their office, numerous additional cases pending in the Tax Divisions of the United States Attorneys' Offices in Los Angeles and San Francisco, and many more tax cases that are handled by Assistant United States Attorneys and Special

---

[1] Pursuant to the Settlement Regulations, Mr. Ward is authorized to accept settlement offers in which the amount of the Government's concession of tax liability and penalties (excluding interest) does not exceed $500,000. Mr. Ward may delegate authority to an Assistant Section Chief to accept settlement offers in which the amount of the Government's concession of tax liability and penalties does not exceed $250,000.

Assistant United States Attorneys throughout the Western Region. Accordingly, it is not feasible for these officials to appear in person for every case they are authorized to settle. *See U.S. District Court*, *supra*, 694 F.3d at 1058-1060; *In re Stone*, *supra*, 986 F.2d at 904-05.

The Tax Division of the Department of Justice is committed to the just and efficient resolution of all cases involving the United States. Many of its cases are resolved through settlements, both with the court's assistance and without. In accordance with the regulations promulgated by the Attorney General, the Division has adopted procedures to make settlement conferences as productive as possible. In this case, the undersigned trial attorney has primary responsibility for the handling of the case, and will have discussed the case thoroughly with the appropriate official before the settlement conference in order to determine the range of settlement offers that would be acceptable to the United States. The undersigned trial attorney will personally attend the settlement conference. Should the Court excuse the United States from the requirement that an individual with full settlement authority personally attend the settlement conference, the Chief or Assistant Chief will be available by telephone throughout the duration of the settlement conference. The Tax Division has used this method for some time and is not aware of any instance in which a trial attorney was unable to engage in energetic and frank negotiations.

This procedure is consistent with Federal Rule of Civil Procedure 16, which provides that the Court "may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute." *Fed. R. Civ. P. 16(c)*. This is also consistent with the consideration of a "practical alternative," such as allowing a settlement official to be available by telephone. *See U.S. District Court*, *supra*, 694 F.3d at 1061 (holding

that the district court abused its discretion in requiring the Assistant Attorney General of the Tax Division to personally attend a settlement conference).

Based on the foregoing, the United States respectfully requests that it be excused from the Court's Order Scheduling a Settlement Conference requiring that a person with full settlement authority attend the settlement conference.

Respectfully submitted this 2nd day of August 2017.

DAVID A. HUBBERT
Acting Assistant Attorney General

*/S/ Virginia Cronan Lowe*
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice

Of Counsel:
STEVEN W. MYHRE
Acting United States Attorney

*Counsel for the United States*

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 2nd day of August, 2017, via CM/ECF to the following:

> James W. Pengilly, Esq.
> David M. Gardner,, Esq.
> Pengilly Law Firm
> 1995 Village Center Circle
> Las Vegas, NV  89134
> dgardner@pengillylawfirm.com
> jpengilly@pengillylawfirm.com

> */s Virginia Cronan Lowe*
> VIRGINIA CRONAN LOWE
> Trial Attorney, Tax Division
> U.S. Department of Justice

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA L. NELSON, TRUSTEE<br><br>    Plaintiff,<br><br>v.<br><br>JAMES W. PENGILLY,<br>JAMES W. PENGILLY, P.C., and<br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 2:15-cv-01307-JAD-PAL<br><br>ORDER |

Before the Court is the United States' Motion For Relief From Requirement That Individual With Full Settlement Authority Attend the Settlement Conference. Having considered the United States' motion, and for good cause shown,

IT IS ORDERED that the motion is GRANTED. The trial attorney for the government shall be present at the settlement conference, and the Chief or Assistant Chief of the Western Civil Trial Section, shall be available by telephone for the duration of the settlement conference.

Dated August 7, 2017      IT IS SO ORDERED.

                                                        _____<br>
                                                        PEGGY A. LEEN<br>
                                                        UNITED STATES MAGISTRATE JUDGE